70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alirio ARTURO, also known as Arturo Ortiz, Defendant-Appellant.
 No. 95-5334.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Alirio Arturo, entered a conditional guilty plea to one count of possessing, with intent to distribute, cocaine.[1] Arturo now raises on appeal the issue he reserved, claiming the trial court erred in denying his pretrial suppression motion.
 
 
 2
 Our review of the record convinces us that no error occurred and we affirm.
 
 I.
 
 3
 On September 20, 1994, drug enforcement task force agents deployed at the Nashville Metropolitan Airport received a tip from a DEA agent in Los Angeles that two individuals, meeting at least a portion of the drug courier profile, would shortly be deplaning in Nashville en route to New York City. When the flight arrived, the Nashville agents approached an individual they thought was one of the two men referenced by the Los Angeles agent. The individual approached was the defendant. One of the agents identified himself and asked if the defendant would answer a few questions. He agreed. The agents then began questioning the defendant, and his answers revealed several inconsistencies and improbabilities, including the fact that he was travelling under an assumed name. Their suspicions raised, the agents asked Arturo if they could search his luggage and he agreed. The search revealed five kilograms of cocaine. Arturo was arrested and subsequently indicted.
 
 
 4
 Prior to the date set for trial, he filed a motion to suppress, alleging an illegal search and seizure of his person and his luggage. When the motion was denied, Arturo entered a Rule 11 conditional guilty plea and this appeal followed.
 
 II.
 
 5
 The trial judge at the suppression hearing concluded that the consent to search was voluntarily given. That conclusion is not challenged on appeal. The initial encounter between the agents and Arturo was voluntary, and no coercion, express or implied, was involved. Under such circumstances, the Fourth Amendment is not implicated. United States v. Tillman, 963 F.2d 137, 142 (6th Cir.1992). Accordingly, Arturo's arguments, as they relate to whether or not the officers had reasonable suspicion to detain him temporarily, are misplaced. This was not a Terry stop; rather, it was a voluntary encounter between the agents and Arturo. Reasonable suspicion is not required as a predicate for such an encounter.
 
 
 6
 Arturo also argues that his luggage was subjected to a trained canine sniff before he actually consented to its search. Although this is a factually correct statement, the government argues that no illegality or impropriety occurred, since a dog sniff is not a seizure. United States v. Place, 462 U.S. 696, 707 (1983).
 
 
 7
 We find it unnecessary to explore this issue, however, since Arturo's voluntary consent to have his luggage searched would have resulted in the cocaine being discovered, and the activities involving the dog sniff of his luggage become irrelevant.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The consolidated appeal of co-defendant, George Enrique Reinis, No. 95-5333, also claiming error in the denial of the suppression motion, has been dismissed since Reinis is currently in fugitive status